# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **KELVIN A. CANADA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00190 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LT. CHRISTOPHER GILBERT, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Kelvin A. Canada, Pro Se Plaintiff.*

The plaintiff, Kelvin a. Canada, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. Canada alleges that officials at Red Onion State Prison misused body cavity searches and strip cell conditions and destroyed his personal property items in retaliation for a petition he wrote to administrators about prison conditions. By separate orders, the court has conditionally filed the complaint, and it is currently being screened under 28 U.S.C. § 1915A. Plaintiff simultaneously filed a Motion for Preliminary Injunction and a "Motion for Prima Facie Evidence," asking the court to order preservation of certain video footage related to his claims. After review of the record, I find no grounds for interlocutory injunctive relief, but will ask the defendants to preserve the requested video footage.

Canada contends that the visual body cavity searches that inmates in segregation at Red Onion State Prison ("Red Onion") must perform whenever they leave their cells for showers or recreation are "degrading, unreasonabl[e], and sadistic[ ]" and must be stopped. (Mot. Prel. Inj. 2, ECF No. 3.) He also wants an order for strip cell conditions to be prohibited at Red Onion. According to Canada, both of these practices are misused to punish, degrade, and retaliate against inmates for no legitimate purpose.

The court's docket reflects, however, that Canada has been transferred and is now incarcerated at a prison facility in the state of Rhode Island. The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (remanding for dismissal of prisoner's claims for injunctive and declaratory relief as rendered moot by his transfer). Because Canada is no longer subject to the conditions or policies for which he sought injunctive relief against the defendants in this action, his motion for such relief must be dismissed as moot.[1]

---

[1] In any event, Canada fails to demonstrate that the cavity searches and strip cell procedures he challenges warrant the extraordinary interlocutory injunctive relief he seeks. See *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that party seeking preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest").

The case will continue only as to Canada's claims for monetary damages, as these claims are not mooted by his transfer. *Id*.

A separate Order will be entered herewith.

DATED: July 12, 2016

/s/  James P. Jones
United States District Judge

-3-

Case 7:16-cv-00190-JPJ-RSB   Document 16   Filed 07/12/16   Page 3 of 3   Pageid#: 208