# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KELVIN A. CANADA,** | ) |
| Plaintiff, | ) Case No. 7:16CV00190 |
| v. | ) **OPINION AND ORDER** |
| **CHRISTOPHER GILBERT, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Kelvin A. Canada, Pro Se Plaintiff.*

The plaintiff, Kelvin A. Canada, an inmate proceeding pro se, filed this prisoner civil rights action under 42 U.S.C. § 1983, complaining of unconstitutional prison conditions at Virginia's Red Onion State Prison ("Red Onion"). After review of Canada's submissions, I summarily dismissed the supplemented Complaint under 28 U.S.C. § 1915A(b)(1) as frivolous and closed the case. *Canada v. Gilbert*, No. 7:16CV00190, 2016 WL 6082050 (W.D. Va. Oct. 18, 2016), *appeal dismissed and remanded*, 721 F. App'x 315 (4th Cir. 2018). The court of appeals construed Canada's Complaint as raising an additional claim that I had not addressed. After review of the record, I find no merit to the claim identified and will dismiss it. However, I will sua sponte reinstate certain claims of retaliation.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

I construed Canada's Complaint as alleging the following § 1983 claims that I summarily dismissed: (1) to retaliate against Canada for writing a petition to public officials about prison conditions, the defendants: (a) conspired to use false accusations of failure to comply with visual body cavity search procedures to deny Canada showers and recreation on several occasions in January, February, and March 2016; and (b) placed him on strip cell conditions for eight hours on January 7, 2016; (2) Red Onion's body cavity search procedures violated his rights under the Fourth Amendment; (3) the strip cell conditions violated his rights under the Eighth Amendment; (4) on February 9, 2016, defendants destroyed his personal property items to retaliate against him for throwing feces on other officials; and (4) defendants imposed an excessive fine on him.  The court of appeals did not vacate any of my rulings on these claims.

The court of appeals construed Canada's Complaint as asserting an additional claim:  that Red Onion's visual body cavity strip search procedures

violated his rights under the Eighth Amendment. In reconsidering Canada's allegations, I conclude that this claim must also be summarily dismissed.

According to Canada, while observed through his cell door window by a correctional officer

> [he] must open his mouth, move his tongue between his lips & gums, open his hands raise his arms, lift his penis, then scrotum, turn around & face the back wall, show the bottom of his feet, wiggle [his] toes, place [his] hands on [his] (BUTTOCKS) bend over "squat" and "cough."

Compl. ¶ 49, ECF No. 1. Canada calls these search procedures degrading and unnecessary. However, he states no factual basis for a claim that his compliance with these procedures ever caused him any serious mental or physical injury. *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (holding that to prevail on Eighth Amendment claim, inmate must show "significant physical or emotional harm" caused by challenged condition); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (holding that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment") (internal quotation marks and citations omitted). Accordingly, I will summarily dismiss Canada's Eighth Amendment claim concerning the strip search procedures under § 1915A(b)(1), as frivolous.

In light of recent court of appeals precedent, however, I conclude that some of his allegations of previously asserted claims retaliation are now sufficient as possible § 1983 claims. After my prior dismissal order was entered, the court of

appeals held that when an inmate files a grievance under the prison's grievance procedure, he is exercising his First Amendment right to petition. *Booker v. S.C. Dep't of Corr.,* 855 F.3d 533, 540 (4th Cir. 2017). In *Booker*, the Court also held that "retaliating against an inmate who filed a prison grievance" is unlawful. *Id.* at 546. Canada alleged some acts defendants took in retaliation for a petition he wrote and mailed to public officials in December 2015, complaining about prison conditions at Red Onion. While this petition was not presented through the established grievance procedure, it conceivably falls under the right to petition recognized in *Booker*.

In light of the *Booker* decision, it is **ORDERED** that pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court will sua sponte reconsider Canada's claims that: (i) on January 7, 2016, defendant Johnny Hall allowed subordinate officers to deny Canada a shower and then placed him on strip cell status to retaliate against him for writing his grievance petition to public officials; (ii) on several occasions in early 2016, defendants Hall and J. Lovell (personally or through other officers who are not defendants) denied Canada his recreation or a shower in retaliation for that petition, and (iii) defendant Jesse Wagner, although informed of these retaliatory practices on January 29, 2016, took no action to investigate or eliminate them. By separate order, I will direct the clerk to serve these claims on the defendants identified.

ENTER: June 13, 2018

/s/ James P. Jones
United States District Judge

-5-